COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Beales and Senior Judge Annunziata

DERRELL M. WHITE

   v.  Record Nos. 0720-09-2,                        MEMORANDUM OPINION[*]
                0721-09-2 and                            PER CURIAM
                0722-09-2                              OCTOBER 27, 2009

PETERSBURG DEPARTMENT
  OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                        Pamela S. Baskervill, Judge

                (Linda M. H. Tomlin; Tomlin & McKeen, PLLC, on brief), for
                appellant.  Appellant submitting on brief.

                (Joan M. O'Donnell; Katina C. Whitfield, Guardian *ad litem* for the
                minor children, on brief), for appellee.  Appellee and Guardian *ad
                litem* submitting on brief.


        Derrell M. White, father, appeals the termination of his parental rights to three of his

children, J.W., D.W., and N.W.  Father argues the trial court erred in terminating his parental rights

where he was exercising his Fifth Amendment right to remain silent due to pending criminal

charges related to the instant proceedings.  Upon reviewing the record and briefs of the parties, we

conclude this appeal is without merit.  Accordingly, we affirm the decisions of the trial court.

        On appeal, we view the evidence in the "'light most favorable' to the prevailing party in

the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible

therefrom.'"  Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767

(2005) (quoting Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

S.E.2d 460, 463 (1991)).  When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'"  Id. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)).  "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'"  Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)).  "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'"  Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

In September 2007, the Petersburg Department of Social Service (DSS) received a complaint that father had sexually molested two children, one of whom is the subject of this appeal.  At the time of the complaint, father was living in a motel room with three children, including D.W. and N.W., and the mother of the children.  In October 2007, DSS filed petitions alleging that D.W. and N.W. were abused and/or neglected within the meaning of Code § 16.1-228.  Between September 2007 and November 2007, father tested positive for the use of illegal drugs, and he did not have independent housing or employment.  In November 2007, the juvenile and domestic relations district court (J&DR court) placed D.W. and N.W. in the temporary legal custody of DSS.  On January 3, 2008, J.W. was born.  DSS assumed physical custody of J.W. and filed a petition alleging abuse and/or neglect.

On March 19, 2008, the J&DR court adjudicated that D.W. and N.W. were abused and/or neglected while in father's care.  The J&DR court also adjudicated that J.W. was at risk for abuse or neglect following the adjudication of abuse or neglect regarding the older children.  The J&DR court approved the foster care service plans for each child with the goal of return to home.

The plans provided that, in addition to participating in the psychosexual evaluation, father was to obtain and maintain appropriate housing; maintain stable employment and demonstrate money management skills; submit to random drug screens; participate in a substance abuse assessment and recommended treatment; attend parenting classes and demonstrate appropriate parenting skills during visitation; cooperate with DSS; inform DSS of any change in employment, housing, or health; visit the children on a regular basis; and pay child support.

New foster care plans were later approved by the J&DR court documenting that termination of parental rights was in the best interests of the three children and recommending the goal of adoption. In November 2008, the J&DR court entered orders terminating father's residual parental rights to the three children. Father appealed the decisions to the trial court, and on March 20, 2009, the trial court entered orders terminating father's residual parental rights to the three children pursuant to Code § 16.1-283(B), 16.1-283(C)(1), and 16.1-283(C)(2). Father appealed the decisions of the trial court to this Court.

Code § 16.1-283(B) provides that the residual parental rights of a parent of a child found by the court to be neglected or abused and placed in foster care may be terminated if clear and convincing evidence proves that it is in the best interests of the child and that:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and
> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time. In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

Pursuant to Code § 16.1-283(C)(1), a trial court may terminate the rights of a parent to a child upon clear and convincing evidence that the parent,

without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent . . . and to strengthen the parent-child relationship. Proof that the parent . . . ha[s] failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition[.]

Code § 16.1-283(C)(2) provides that the residual parental rights may be terminated if it is in the best interests of the child and

[t]he parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Decisions to terminate parental rights under Code § 16.1-283(C)

hinge not so much on the magnitude of the problem that created the original danger to the child, but on the demonstrated failure of the parent to make reasonable changes. Considerably more "retrospective in nature," subsection C requires the court to determine whether the parent has been unwilling or unable to remedy the problems during the period in which he [or she] has been offered rehabilitation services.

Toms, 46 Va. App. at 271, 616 S.E.2d at 772 (citation omitted).

Father asserts he did not comply with the demands of the DSS, in particular, he did not participate in a psychosexual evaluation, and he did not testify at the civil hearings because he was exercising his right to remain silent based on pending criminal charges related to these civil proceedings. He argues the trial court erred by terminating his parental rights under these circumstances and while the criminal matters were pending.

Even assuming without deciding that the trial court erroneously based its decisions to terminate father's parental rights in part on the allegations of father's sexual abuse and his

- 4 -

decision to assert his Fifth Amendment rights, any such error was harmless because sufficient evidence not related to the sexual abuse allegations or the criminal charges supported the trial court's decisions. "Under the doctrine of harmless error, we will affirm the circuit court's judgment when we can conclude that the error at issue could not have affected the [result]." King v. Cooley, 274 Va. 374, 379, 650 S.E.2d 523, 526 (2007).

In addition to noting that father failed to participate in a psychosexual evaluation, the "Stipulations of Counsel With Regard to Facts not in Controversy and Prior Legal Proceedings" document states that father had not provided DSS with verification of employment or housing, he had not participated in parenting classes, and he had not paid child support or visited the children. He has tested positive for drug use in the recent past. Thus, even without consideration of the alleged sexual misconduct by father, his refusal to participate in the psychosexual evaluation, or his assertion of a right to remain silent during the proceedings, the facts and circumstances supported the trial court's finding, by clear and convincing evidence, that termination of father's parental rights was in the best interests of the children pursuant to Code § 16.1-283(B), 16.1-283(C)(1), and 16.1-283(C)(2). "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Accordingly, the decisions of the trial court are affirmed.

Affirmed.